445 So.2d 128 (1984)
STATE of Louisiana, Plaintiff-Appellee,
v.
Thurmon Brent THETFORD, Defendant-Appellant.
No. CR83-856.
Court of Appeal of Louisiana, Third Circuit.
January 17, 1984.
David L. Wallace, Evans, Bradley, Wallace & O'Neal, DeRidder, for defendant-appellant.
W.C. Pegues, III, Dist. Atty., DeRidder, for plaintiff-appellee.
Before GUIDRY, FORET and YELVERTON, JJ.
FORET, Judge.

MOTION TO REMAND
On May 18, 1983, the defendant, Thurmon Brent Thetford, was convicted, by a *129 six person jury, of two counts of simple burglary, a violation of LSA-R.S. 14:62, one count of theft of property having a value of $500.00 or more, a violation of LSA-R.S. 14:67, and one count of unauthorized use of a movable of $2,000.00 in value, a violation of LSA-R.S. 14:68. (Tr. p. 14). On July 1, 1983, the defendant was sentenced to serve nine (9) years on each count of simple burglary and nine (9) years on the one count of theft. He was sentenced to serve three (3) years on the count of unauthorized use of a movable. All sentences are to run concurrently.
The defendant has filed for an appeal of his conviction based on an allegation of insufficient evidence to sustain the verdict. Upon review of the trial record by defense counsel it becomes apparent that the transcript was incomplete. (Tr. pp. 210, 220). It is indicated by the court reporter, that a malfunction in the recordation equipment has caused certain testimony to be lost. The defendant has requested, by motion to remand, that this Court revest the trial court with jurisdiction on the matter, so that a new and completely recorded trial can be had.
Article 843 of the Louisiana Code of Criminal Procedure provides:
"In felony cases, and on motion of the court, the state, or the defendant in misdemeanor cases tried in a district, parish, or city court, the clerk of court stenographer shall record all of the proceedings, including the examination of prospective jurors, the testimony of witnesses, statements, rulings, orders, and charges by the court, and objections, questions, statements, and arguments of counsel."
The official revision comments to the article indicate that the legislative intent was to effectuate the constitutional guarantee of an appeal in felony cases based upon a review of the full record in the proceedings. Article 1, § 19 of the Louisiana Constitution of 1974 provides:
"No person shall be subjected to imprisonment or forfeiture of rights or property without the right of judicial review based upon a complete record of all evidence upon which the judgment is based. This right may be intelligently waived. The cost of transcribing the record shall be paid as provided by law."
Without a complete record from which a transcript for appeal may be prepared, a defendant's right of appellate review is rendered meaningless. A slight inaccuracy in a record or an inconsequential omission from it which is immaterial to a proper determination of the appeal would not cause us to reverse defendant's conviction. But where a defendant's attorney is unable, through no fault of his own, to review a substantial portion of the trial record for errors so that he may properly perform his duty as appellate counsel, the interests of justice require that a defendant be afforded a new, fully-recorded trial. State v. Ford, 338 So.2d 107 (La.1976); State v. Jones, 351 So.2d 1194 (La.1977).
In this instance the omission consisted of defense counsel's cross-examination of state's witnesses, as well as the entire testimony of two defense witnesses. Defendant alleges these were primary alibi witnesses. It cannot be said that this is an "inconsequential omission".
In light of the above, it would appear that the defendant's motion is supported by constitutional, statutory and jurisprudential authority. The malfunction of the recording equipment has resulted in a substantial omission from the record, especially in light of the assignment of error lodged on appeal.
Accordingly, for the foregoing reasons defendant's conviction and sentence are set aside and the case is remanded to the trial court for a new, fully recorded trial.

ORDER
After due consideration of the motion by relator, Thurmon Brent Thetford, and for the reasons of the Court attached hereto,
IT IS HEREBY ORDERED that the defendant's sentence in the above captioned case be remanded to the Thirty-Sixth Judicial District Court for the proceeding ordered herein.