CLARENCE E. McMANUS, Judge.
 

 |2Pefendant, Shawn Murphy, a/k/a Don Murphy, pled guilty to possession of cocaine in violation of LSA-R.S. 40:967(C), reserving his right to appeal pursuant to
 
 State v. Crosby
 

 [1]
 

 .
 
 He was sentenced as a second felony offender, to ten years imprisonment at hard labor, concurrent with his sentence imposed in case number 08-4532, and concurrent with a sentence for contempt of court for failure to appear. This timely appeal follows.
 

 Defendant pled guilty and did not proceed to trial. As such, the facts were taken from the bill of information, which provides that on or about January 4, 2008, defendant and co-defendant Jodylynn Fus-sell “knowingly and intentionally possessed] a controlled dangerous substance, to wit: Cocaine.”
 

 In this appeal, the defendant alleges that the trial court erred by not hearing any pre-trial motions prior to accepting his Crosby plea and without first ascertaining that a legal, factual basis existed to support the pleas.
 

 IsOn February 19, 2008, defense counsel filed omnibus motions on defendant’s behalf including motions for discovery, motions for preliminary hearing and bond reduction, and motions to suppress evidence, inculpatory statements, and identifications.
 

 By order of the court on March 12, 2008, the trial judge granted the motion for discovery and set the remaining motions for hearing on April 8, 2008. In the order, the trial court cautioned that failure to appear might result in dismissal or waiver of motions, and the court also further directed counsel to amend the motions to suppress to allege facts that would require the granting of relief, and cautioned that failure to do so could result in dismissal.
 

 Defendant failed to appear for court on April 8, 2008, although his counsel did appear. The trial judge granted the State’s oral motion for bond forfeiture, and an attachment was issued for defendant’s arrest. The trial court also dismissed defendant’s pending motions, including the motions to suppress and the motion for preliminary examination. According to the minute entry, defense counsel objections were noted.
 

 On August 14, 2008, defendant appeared for an adjudication for contempt of court for his failure to appear on April 8th. He was found to be in contempt and sentenced to serve six months “flat time” in parish prison. At that time, the trial court also granted counsel’s motion to withdraw.
 

 After defense counsel was allowed to withdraw, on August 28, 2008, new counsel from the Public Defender Office filed what he referred to as “standard IDB” omnibus
 
 *390
 
 motions, which included motions to suppress statements, evidence, and identification, and motions for discovery and for preliminary examination. On September 11, 2008, the trial judge ruled that the discovery motion was moot because it had been previously satisfied. The court further denied the motion for | ¿preliminary examination and motions to suppress as untimely and without good cause under LSA-C.Cr.P. art. 521, and also noted that the same motions had been denied on April 8, 2008, and that the current motions to suppress did not allege facts specific to the case. The court provided that defendant’s motion for an evidentiary hearing was denied until the facts requiring relief were alleged in the motion to suppress.
 

 On October 21, 2008, defendant entered a
 
 Crosby
 
 plea, but did not specify the particular ruling he was reserving for review. Instead, defendant pled guilty to possession of cocaine under
 
 Crosby,
 
 reserving the right to appeal “any denial of his motions.”
 

 In this appeal, defendant alleges that the trial court erred in dismissing his motion for preliminary examination, and his suppression motions, without first conducting a hearing. He requests withdrawal of his pleas and that the State be required to prove the legality of the investigatory stop. He also alleges that the trial court erred in accepting his guilty plea without engaging him in any colloquy regarding the factual basis for the pleas.
 

 A guilty plea normally waives all non-jurisdictional defects in the proceedings leading up to the guilty plea, and precludes review of such defects. However, upon entering a plea of guilty, a defendant may be allowed appellate review if he expressly reserves his right to appeal a specific adverse ruling.
 
 State v. Landry,
 
 02-1242, p. 6 (La.App. 5 Cir. 4/29/03), 845 So.2d 1233, 1236,
 
 writ denied,
 
 03-1684 (La.12/19/03), 861 So.2d 556.
 

 In this case, the defendant pled guilty, reserving his rights with regard to the dismissal/denial of his suppression motions. Defense counsel stated that defendant had pled guilty in two separate proceedings (this one and one other), and that his IfiPlea in the other proceeding should also be subject to this appeal. The State agreed, stating that
 

 ... it is the State’s position and agreement that if the Court takes the Crosby plea that’s fine but we also then reserve our right to go forward — effectively withdraw his plea in 08-4532 if for any reason he would be successful in 08-632 [the current case]. In other words, if the Court of Appeal says that his evidence should have been suppressed in the older case [the current case] then the defendant’s plea is negated in OS-4532, and we start from scratch in that case.
 

 Thereafter, the State introduced the police report and the transcript of co-defendant’s motion to suppress into evidence, because as the assistant district attorney stated “... just so that a review in (sic) court would have facts to look at.”
 

 From the above discussion, it appears that defendant entered his guilty plea in the present case reserving his right to appeal the issue of whether the evidence against him was lawfully seized, and whether is would be admissible at trial, in addition to the issue of whether the court erred in dismissing his motions without a hearing. Because the trial court dismissed defendant’s motions to suppress, it did not rule on the admissibility of the evidence.
 

 The issue of admissibility was raised in appellant’s brief, where he contends that the trial court erred in failing to make the State prove the admissibility of evidence thereby depriving him of his constitutional
 
 *391
 
 due process rights, and appellee’s brief, where the state contends that any error in the trial court’s procedural rulings is harmless because (the State contends) the officers had reasonable suspicion to believe that the defendant had engaged in illegal drug activity and based on this, the stop and subsequent arrest was legal, and the trial court’s failure to grant the motion to suppress was harmless. However, despite the State’s exhibits at trial, this Court cannot rule on the admissibility of the evidence as a matter of first impression.
 

 | fiThe Louisiana Supreme Court, in
 
 State v. Floyd,
 
 07-0216 (La.10/5/07), 965 So.2d 865, set forth the procedure to follow where a reviewing court cannot consider the merits of a defendant’s suppression claim because there was no ruling by the trial court on the admissibility. In that case, the appellate court had vacated defendant’s guilty plea where the trial court failed to complete the hearing and rule on defendant’s motion to suppress evidence. After reversing the ruling of the appellate court, the Supreme Court remanded the matter, stating that:
 

 This case is remanded to the district court for purposes of completing the hearing on the motion to suppress and for a ruling on the merits of the search issue. If the court rules favorably to the defendant on the motions, it shall provide him with the opportunity of withdrawing his guilty plea and pleading anew. In the event of an adverse ruling on his motion the trial court shall maintain the guilty plead defendant may again appeal his conviction and sentence to the court of appeal on the basis of his original
 
 Crosby
 
 reservation.
 

 At page 865. See also
 
 State v. Walton,
 
 06-2553 (La.6/10/07), 957 So.2d 133,
 
 State v. Guillory,
 
 06-2544 (La.6/1/07), 957 So.2d 132.
 

 For the above discussed reasons, this matter is remanded for further proceedings consistent with this opinion.
 

 REMANDED WITH INSTRUCTIONS.
 

 [1]
 

 .
 
 State v. Crosby,
 
 338 So.2d 584 (La.1976).