GASKINS, J.
 

 |,The defendant, Randy Jerome Wilson, was originally charged with one count of first degree murder and one count of attempted first degree murder. The state sought the imposition of the death penalty. Pursuant to a plea agreement, the defendant pled guilty to one count of second degree murder, reserving his rights under
 
 State v. Crosby,
 
 338 So.2d 584 (La.1976), to appeal any pretrial rulings. The mandatory sentence of life imprisonment without benefit of parole, probation, or suspension of sentence was imposed. Appellate counsel was appointed for the defendant. A brief was filed on the defendant’s behalf making no assignments of error, requesting only an error patent review, and seeking to withdraw as counsel of record.
 
 [1]
 

 The defendant filed a
 
 pro se
 
 brief essentially arguing that his plea bargain had been breached because he entered a plea under
 
 State v. Crosby, supra,
 
 reserving his appellate rights, and that the tidal court failed to rule on his
 
 pro se
 
 motions to quash and to suppress statements, precluding his ability to object to any adverse rulings on appeal. For the following reasons, we grant appellate counsel’s motion to withdraw and affirm the defendant’s conviction and sentence.
 

 FACTS
 

 On May 17, 2006, the defendant and Felton Dejuan Dorsey were indicted as codefendants by a Caddo Parish grand jury for the first degree murder of Joe Prock and the attempted first degree murder of Mr. Prock’s ^mother, Bobbie Prock. The state filed notice of its intent to seek the death penalty against the defendant and Dorsey.
 

 The charges were based upon events occurring on April 1, 2006. On that date, the defendant and Dorsey drove in Dorsey’s white Chevrolet Caprice to Mrs. Proek’s home in Greenwood, Louisiana. Armed with a gun, they forced their way into the house, placed Mrs. Prock in a chair with a blanket over her head, and taped her arms to the arms of the chair. The defendant and Dorsey took numerous items from Mrs. Prock’s home and placed them in Dorsey’s car and in Mrs. Prock’s car, a silver Grand Marquis.
 

 When Mrs; Prock’s son, Joe Prock, arrived at the house to check on his mother, he was bound and struck in the head with the gun handle numerous times. Mr. Prock died as a result of his injuries. The defendant and Dorsey set fire to Mr. Prock’s body and Mrs. Prock’s house. They fled, leaving Mrs. Prock and her son in the house. The defendant left the scene in Mrs. Prock’s vehicle and Dorsey drove away in his own car.
 
 [2]
 

 Mrs. Prock was able to free herself from the chair and get out of the house. She flagged down a passing motorist who called 911. After an investigation, law enforcement officials discovered evidence in
 
 *1267
 
 dicating that Dorsey and the defendant were the offenders in this matter.
 

 Dorsey gave a statement to law enforcement officials shortly after his arrest. On April 6, 2006, prior to his arrest, the defendant also gave a |3statement to law enforcement officials. The defendant was then arrested and charged along with Dorsey. On September 11, 2006, a preliminary examination was held to perpetuate the testimony of Mrs. Prock. The state noted that Dorsey had two pending motions to suppress, one dealing with identification and the other dealing with evidence. The defendant had only a pending motion
 
 in limine
 
 dealing with the introduction of pictures at trial. The defendant’s attorney adopted Dorsey’s motions to suppress and stated that he “may be filing a motion to suppress any statements that Mr. Wilson may have made.” It does not appear that counsel filed such a motion to suppress the defendant’s statements.
 

 On April 17, 2007, the trial court conducted a free and voluntary hearing to determine whether the statements made by Dorsey and the defendant were admissible. Detective Leonard Andrew Scog-gins of the Caddo Parish Sheriffs Office testified that he participated in the investigation of the home invasion and homicide in this matter. Detective Scoggins stated that Dorsey was developed as a suspect through witness information and that the defendant was developed as a suspect through phone records and the tracking of a cell phone.
 

 The defendant was located at his residence on April 6, 2006, and asked if he would accompany law enforcement officers to their office to talk about something. The defendant agreed to go with the officers to the detectives’ office where he was interviewed by Detective Scoggins and Sergeant Bill Rehack. The defendant was given his
 
 Miranda
 
 rights and chose not to sign the waiver of rights form. He stated that he understood his |4rights. He was not under the influence of alcohol or narcotics and was not forced or threatened to give a statement. After being informed of his
 
 Miranda
 
 rights, the defendant chose to give a statement. He originally said that he was not at the Prock residence on April 1, 2006, but later admitted that he was in the residence with Dorsey. He claimed that Dorsey forced him to participate in the home invasion and robbery. According to the defendant, Dorsey killed Mr. Prock. The defendant admitted helping set fires in Mrs. Prock’s house.
 

 At the conclusion of the hearing, the court determined that the statements made by Dorsey and the defendant were made freely and voluntarily. The court stated, “[T]he Court will, therefore, deny the motion to suppress, or each motion to suppress any statements, although this was a free and voluntary hearing.”
 

 On May 2, 2007, the trial court signed an order severing the prosecution of the defendants.
 

 On June 11, 2008, the defendant filed
 
 pro se
 
 motions to quash and to suppress his statement. In his motion to quash, the defendant essentially objects that he gave his statement without the presence of counsel. In his motion to suppress his statement, he again alleges that he made his statement without the presence of counsel and that the statement was not properly taken by the state.
 

 The defendant entered into a “Use Immunity Agreement” with the state whereby, in exchange for his truthful testimony against Dorsey, the defendant would avoid capital prosecution, plead guilty to murder, and be ^sentenced to life imprisonment without benefit of probation, parole, or suspension of sentence. Dorsey’s trial began on May 19, 2009, for one count of first degree murder. The defendant testified
 
 *1268
 
 against Dorsey, who was convicted as charged and was sentenced to death.
 

 On July 27, 2009, the defendant appeared before the court and, pursuant to the agreement, entered a plea of guilty to one count of second degree murder. In accordance with
 
 Boykin v. Alabama,
 
 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), the trial court thoroughly advised the defendant of the rights he was waiving by pleading guilty and advised him that the sentence would be life imprisonment at hard labor without benefit of probation, parole, or suspension of sentence. The charges of first degree murder and attempted first degree murder were dismissed. The factual basis for the plea was set forth by the state and the defendant agreed that the statement of facts was correct. The plea was entered pursuant to
 
 State v. Crosby, supra,
 
 reserving the defendant’s appellate rights. The trial court accepted the defendant’s guilty plea. The defendant waived the sentencing delay and was ordered to serve the mandatory sentence of life imprisonment at hard labor without benefit of probation, parole, or suspension of sentence.
 

 Counsel was appointed to represent the defendant on appeal. An
 
 Anders
 
 brief was filed on his behalf outlining the procedural history of the case and the defendant’s plea agreement. Appellate counsel stated that he carefully scrutinized the record and found no non-frivolous issues which may be raised on appeal, in light of the “agreed to sentence at the time of the plea and the voluntary nature of the defendant’s inculpatory statement |fiwhich is in the record.” Appellate counsel requested that he be allowed to withdraw as counsel of record. He mailed copies of the motion to withdraw with the brief to the defendant. This court held the motion to withdraw in abeyance and allowed the defendant the opportunity to file a
 
 pro se
 
 brief.
 

 The defendant filed a
 
 pro se
 
 brief, claiming that his plea agreement was breached or unfulfilled by the state and that the matter should be remanded for performance of the agreement or withdrawal of his guilty plea, which he entered upon the express plea bargain that he would reserve his right to appeal any pretrial decisions made by the trial court. The defendant contends that he cannot obtain such a review due to the trial court’s failure to rule on his motion to quash and motion to suppress. He claims that the trial court’s failure to rule on these motions usurped the sole foundation for his plea and rendered the guilty plea involuntary. The defendant urges that the guilty plea should be vacated due to the trial court’s failure to conduct a hearing on the pending motions. The defendant cites
 
 State v. Frazier,
 
 618 So.2d 1217 (La.App. 5th Cir.1993), in support of his argument.
 

 DISCUSSION
 

 Regarding motions to suppress confessions or statements, La. C. Cr. P. art. 703 states in pertinent part:
 

 B. A defendant may move on any constitutional ground to suppress a confession or statement of any nature made by the defendant.
 

 |7P. On the trial of a motion to suppress filed under the provisions of this Article, the burden of proof is on the defendant to prove the ground of his motion, except that the state shall have the burden of proving the admissibility of a purported confession or statement by the defendant or of any evidence seized without a warrant.
 

 E. (1) An evidentiary hearing on a motion to suppress shall be held only when the defendant alleges facts that would require the granting of relief. The state may file an answer to the motion. The defendant may testify in support of a motion to suppress without being sub
 
 *1269
 
 ject to examination on other matters. The defendant’s testimony cannot be used by the state except for the purpose of attacking the credibility of the defendant’s testimony at the trial on the merits.
 

 The state’s burden of proving the admissibility of a confession made by a defendant is governed by La. R.S. 15:451:
 

 Before what purports to be a confession can be introduced in evidence, it must be affirmatively shown that it was free and voluntary, and not made under the influence of fear, duress, intimidation, menaces, threats, inducements or promises.
 

 Motions to quash are governed by La. C. Cr. P. art. 531 et seq. Motions to quash generally deal with procedural or jurisdictional deficiencies in the prosecution. In this case, the defendant’s motion to quash basically urges the same issues raised in his motion to suppress his statement to law enforcement officers.
 

 Pursuant to La. R.S. 15:451, a full hearing was held in the trial court on the free and voluntary nature of the defendant’s statement. The hearing was held prior to the filing of the defendant’s
 
 pro se
 
 motions attacking the voluntariness of his statement. No subsequent hearing was held on the defendant’s
 
 pro se
 
 motions to quash and to suppress. Ordinarily, a failure to |shold hearings on such pretrial motions would require a remand of the matter to the trial court for a hearing and a ruling on the motions. See
 
 State v. Floyd,
 
 2007-0216 (La.10/5/07), 965 So.2d 865;
 
 State v. Walton,
 
 2006-2553 (La.6/1/07), 957 So.2d 133;
 
 State v. Guillory,
 
 2006-2544 (La.6/1/07), 957 So.2d 132;
 
 State v. Murphy,
 
 09-139 (La.App. 5th Cir.10/27/09), 28 So.3d 388. However,
 
 Floyd, Walton, Guillory,
 
 and
 
 Murphy
 
 dealt with issues of suppression of physical evidence that had never been addressed by the trial court, leaving nothing for appellate review and precluding fulfillment of the terms of a
 
 Crosby
 
 plea, reserving the right to review of pretrial rulings. In the present case, the trial court had conducted a hearing on the admissibility of the defendant’s statement.
 

 The defendant now urges that his statement was made without the presence of counsel. Our review of the transcript of the defendant’s statement shows that the defendant’s right to counsel was not violated in this matter. When the defendant agreed to talk with officers on April 6, 2006, he was not under arrest. However, he was given his
 
 Miranda
 
 warnings. He was advised of his right to remain silent and his right to counsel. He clearly indicated that he understood his rights, including his right to counsel. The defendant was presented with a waiver of rights form and was told that he did not have to sign it. The officers stated that they just wanted to ask the defendant where he was on the date this offense occurred. The defendant did not invoke his right to counsel or his right to remain |9silent. Without any hesitation, he voluntarily began talking with the officers about his activities on the date in question.
 

 The record shows that the statement was given freely and voluntarily and was not the result of threats, coercion, or promises. The defendant was advised of his
 
 Miranda
 
 rights and validly waived those rights before giving his statement to law enforcement officers. The defendant’s failure to sign the waiver of rights form does not in and of itself require suppression of his statement. See
 
 State v. West,
 
 408 So.2d 1114 (La.1982).
 

 At the free and voluntary hearing, Detective Scoggins testified that the defendant was advised of his
 
 Miranda
 
 rights prior to questioning, that he understood those rights, and at no point in the interview did he indicate that he wished to have counsel present or wished to remain silent. Our review of the transcript of the defen
 
 *1270
 
 dant’s statement supports the testimony of Detective Scoggins.
 

 Based upon this evidence, which was considered by the trial court at the free and voluntary hearing, the defendant’s statement was given freely and voluntarily after he waived his right to remain silent and his right to counsel. Because the issues raised by the defendant in his motion to quash and motion to suppress have been considered by the trial court and correctly ruled upon, we find that the defendant was not denied review of his claims. His plea agreement has not been breached and there are no grounds upon which to remand this matter to the trial court for further proceedings, or to vacate the defendant’s guilty plea.
 

 ImWe have examined the record for errors patent and have found none.
 

 CONCLUSION
 

 For the reasons stated above, appellate counsel’s motion to withdraw is hereby granted. The conviction and sentence of the defendant, Randy Jerome Wilson, are affirmed.
 

 MOTION TO WITHDRAW GRANTED; CONVICTION AND SENTENCE AFFIRMED.
 

 [1]
 

 . See
 
 Anders v. State of California,
 
 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967);
 
 State
 
 v.
 
 Jyles,
 
 96-2669 (La.12/12/97), 704 So.2d 241,
 
 State v. Mouton,
 
 95-0981 (La.4/28/95), 653 So.2d 1176;
 
 State
 
 v.
 
 Benjamin,
 
 573 So.2d 528 (La.App. 4th Cir.1990).
 

 [2]
 

 . Felton Dejuan Dorsey was convicted of first degree murder in this matter and was sentenced to death. His conviction and sentence were affirmed by the Louisiana Supreme Court. A full recitation of the facts in this matter can be found in
 
 State v. Dorsey,
 
 2010-0216 (La.9/7/11), 74 So.3d 603.