FREDERICKA HOMBERG WICKER, Judge.
12Pefendant, Shawn Murphy, pled guilty to possession of cocaine in violation of La. R.S. 40:967(C) pursuant to State v. Crosby.[1] In his first appeal, this Court found that the trial court erred in denying defendant’s suppression motions without an evi-dentiary hearing and remanded the matter to the trial court to conduct a hearing on defendant’s motions to suppress.[2] In this second appeal, defendant contends he has been deprived of his right to appellate review due to a malfunctioning of the court reporter’s recording equipment during the suppression hearing, resulting in the omission of portions of the hearing transcript. We agree. Accordingly, we vacate the trial court’s judgment denying defendant’s motion to suppress and remand this matter to the trial court for a new, fully-recorded hearing on defendant’s motion to suppress.

STATEMENT OF THE CASE

The Jefferson Parish District Attorney’s Office filed a bill of information on February 7, 2008, charging defendant with possession of cocaine in violation of La. R.S. 40:967(C). On August 28, 2008[3], defendant filed standard pre-trial motions, including motions to suppress the evidence, statements, and identification, which the trial court denied, without a hearing, as untimely under La.C.Cr.P. art. 521.[4]
*1015 On October 21, 2008, defendant pled guilty to possession of cocaine pursuant to State v. Crosby, supra. The trial court sentenced defendant to five years imprisonment at hard labor. On that same date, the state filed a multiple offender bill of information. Defendant admitted to the allegations in the multiple bill and the trial court adjudicated defendant a second felony offender.[5] The trial judge vacated defendant’s original sentence and sentenced defendant to ten years imprisonment at hard labor.
In his first appeal, defendant alleged that the trial court erred in denying his pre-trial motions without an evidentiary hearing and without “first ascertaining that a legal, factual basis existed to support” his guilty plea. This Court, finding that the trial court erred in dismissing defendant’s suppression motions without an evidentiary hearing, remanded the matter to the trial court for a suppression hearing. State v. Murphy, 09-139 (La.App. 5 Cir. 10/27/09), 28 So.3d 388, 391.[6] On February 10, 2010, the trial court conducted an evidentiary hearing on defendant’s motion to suppress.[7] Defendant sought an out-of-time appeal and, on October 8, 2012, the Louisiana Supreme Court ordered the trial court to grant defendant an out-of-time appeal pursuant to State v. Counterman, 475 So.2d 336, 340 (La.1985) and to appoint appellate counsel.[8]

DISCUSSION

In his sole assignment of error, defendant does not challenge the trial court’s denial of his motion to suppress or raise arguments concerning the merits of the trial court’s judgment denying his motion to suppress. Rather, defendant contends that his right to appellate review has been violated due to the malfunctioning of the trial court reporter’s equipment, which resulted in the omission of portions of the suppression hearing transcript.
In this appeal, appointed appellate counsel submits that defendant is entitled to appellate review of the trial court’s judgment, but indicates that “it is impossible for this issue to be reviewed by this attorney or this Court due to the record being incomplete.” Upon review of the record in this matter, we agree.
The February 10, 2010 minute entry indicates that only one witness, Detective Shane Klein, testified at the suppression hearing. The transcript reflects the direct examination of Detective Klein and a portion of the cross-examination by defen *1016 dant’s trial counsel. However, according to a notation in the transcript, the court reporter’s recording system malfunctioned during the cross-examination of Detective Klein and no further audio was recorded. The transcript clearly does [ ñnot reflect the entirety of the cross-examination by defense counsel, any re-direct examination by the state, any subsequent arguments made by counsel, or the trial judge’s ruling and any reasons therefor.
Both the Louisiana Supreme Court and the United States Supreme Court have made clear that a criminal defendant has a right to a complete transcript of the trial proceedings, particularly where, as in this case, appellate counsel was not also trial counsel. State v. Deruise, 98-0541 (La.4/3/01), 802 So.2d 1224, cert. denied, 534 U.S. 926, 122 S.Ct. 283, 151 L.Ed.2d 208 (2001); State v. Lampkin, 12-391 (La.App. 5 Cir. 5/16/13), 119 So.3d 158, 166. Under Louisiana law, a criminal defendant is constitutionally guaranteed the right of appeal based upon a “complete record of all evidence upon which the judgment is based.” La. Const. Art. I, § 19. Further, La.C.Cr.P. art. 843 requires, in all felony cases, the recording of “all of the proceedings, including the examination of prospective jurors, the testimony of witnesses, statements, rulings, orders, and charges by the court, and objections, questions, statements, and arguments of counsel.”
An inconsequential omission or slight inaccuracy which is immaterial to a proper determination of the appeal does not require reversal or remand. Lampkin, 119 So.3d at 166. Further, “[a] defendant is not entitled to relief because of an incomplete record absent a showing of prejudice based on the missing portions of the transcript.” Id. However, the Louisiana Supreme Court has stated that, “where a defendant’s attorney is unable, through no fault of his own, to review a substantial portion of the trial record for errors so that he may properly perform his duty as appellate counsel, the interests of justice require that a defendant be afforded a new, fully-recorded trial.” State v. Ford, 338 So.2d 107, 110 (La.1976). Without a complete record from which a transcript for appeal may be prepared, a defendant’s right of appellate review is rendered meaningless. State v. Thetford, 445 So.2d 128 (La.App. 3rd Cir.1984); State v. Ford, supra.
A review of the record in this case clearly reflects that material portions of the suppression hearing, pertinent to the issue on appeal, are omitted from the transcript. Appointed appellate counsel has stated to this Court that the issues pertinent to defendant’s appeal cannot be reviewed based upon the incomplete transcript in this record. Upon a review of the record, we agree that we cannot review the merits of defendant’s appeal because of the incomplete transcript.
Accordingly, we vacate the trial court’s judgment on defendant’s motion to suppress and remand this matter to the trial court for a new, fully recorded hearing on defendant’s motion. If the trial judge grants defendant’s motion after a new evi-dentiary hearing, the trial judge is required to vacate defendant’s guilty plea. However, if the trial judge again denies defendant’s motion to suppress, defendant maintains his right to seek appellate review of that judgment. See State v. Archie, 462 So.2d 248 (La.App. 4th Cir.1984).
This matter is remanded to the trial court for further proceedings consistent with this opinion.

JUDGMENT VACATED; MATTER REMANDED.

. 338 So.2d 584 (La.1976).

. See State v. Murphy, 09-139 (La.App. 5 Cir. 10/27/09), 28 So.3d 388.

. Defendant’s prior trial counsel filed omnibus pre-trial motions, including a motion to suppress, on February 19, 2008, which the trial court dismissed without a hearing.

. La.C.Cr.P. art. 521 states that all "pretrial motions shall be made or filed within fifteen days after arraignment, unless a different time is provided by law or fixed by the court at arraignment upon a showing of good cause why fifteen days is inadequate [;] ” "[ujpon written motion at any time and a showing of good cause, the court shall allow additional *1015 time to file pretrial motions.” La.C.Cr.P. art. 521.

. Defendant admitted to the predicate offense of distribution of a controlled dangerous substance — cocaine—in violation of La. R.S. 40:967(A).

. This Court found:
[Defendant entered his guilty plea in the present case reserving his right to appeal the issue of whether the evidence against him was lawfully seized, and whether is [sic] would be admissible at trial, in addition to the issue of whether the court erred in dismissing his motions without a hearing. Because the trial court dismissed defendant's motions to suppress, it did not rule on the admissibility of the evidence. State v. Murphy, 28 So.3d at 390.

. The trial court heard defendant's motion to suppress the evidence on February 10, 2010. Defense counsel did not object to the lack of hearing on any other outstanding pre-trial motions.

. On June 3, 2011, the trial court denied defendant’s application for post-conviction relief seeking an out-of-time appeal. On July 29, 2011, this Court denied relator's writ application for failure to comply with the Uniform Rules, Courts of Appeal. Defendant applied for writ to the Louisiana Supreme Court, which granted defendant’s application in part and remanded the matter to the trial court.