STATE OF LOUISIANA

VERSUS

MICHAEL DAVIS

NO. 24-KA-252

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 21-1827, DIVISION "N"
HONORABLE STEPHEN D. ENRIGHT, JR., JUDGE PRESIDING

February 26, 2025

**JOHN J. MOLAISON, JR.**
**JUDGE**

Panel composed of Judges Susan M. Chehardy,
Jude G. Gravois, and John J. Molaison, Jr.

**REMANDED WITH INSTRUCTIONS**
    **JJM**
    **SMC**
    **JGG**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR DEFENDANT/APPELLANT,
MICHAEL DAVIS
     Katherine M. Franks

COUNSEL FOR PLAINTIFF/APPELLEE,
STATE OF LOUISIANA
     Honorable Paul D. Connick, Jr.
     Juliet L. Clark

**MOLAISON, J.**

After entering a *Crosby* plea, the defendant, Michael Davis, seeks our review of the trial court's denial of his motion to quash and asserts that the court failed to rule on the State's pending notices of intent before taking his pleas. We remand for further proceedings consistent with this opinion.

## FACTS AND PROCEDURAL HISTORY

The facts[1] underlying the charges in this case were not developed at trial because the defendant pled guilty. The record shows that on October 12, 2023, a Jefferson Parish Grand Jury returned a true bill that charged the defendant with seven felony counts.[2] The defendant pled not guilty to all charges on May 21, 2021. Among the State's pretrial filings in this case was a notice of its intent to introduce evidence under La. C.E. arts. 412.2 and/or 404(B), filed on February 3, 2023, and supplemented on April 28, 2023. As will be discussed, both the defendant and the State agree that the trial court did not rule on the evidentiary motions before the defendant's *Crosby*[3] plea was taken on March 11, 2024. At the time of his plea, the defendant expressly reserved his right to appeal the admission of any evidence offered by the State under La. C.E. arts. 412.2 or 404(B).[4] This timely appeal followed.

---

[1] The State recited a factual basis for all charges when the defendant's guilty pleas were taken by the trial court on March 11, 2024.

[2] Counts one and two were for the first degree rape of N.G. in violation of La. R.S. 14:42; count three was for the sexual battery of a known juvenile, T.D., under the age of thirteen in violation of La. R.S. 14:43.1; count four was for indecent behavior with a juvenile in violation of La. R.S. 14:81; count five was for indecent behavior with a juvenile, in violation of La. R.S. 14:81; count six was for aggravated crime against nature upon T.D., in violation of La. R.S. 14:89.1, and count seven was for an aggravated assault upon T.D., in violation of La. R.S. 14:37.4. (In the interest of protecting the minor crime victim of sexual offenses as set forth in La. R.S. 46:1844(W)(3), we will use only initials to identify the victims. See *State v. E.J.M., III*, 12-774, 12-732 (La. App. 5 Cir. 5/23/13), 119 So.3d 648, 652 n.1. See also Uniform Rules–Courts of Appeal, Rules 5-2.)

[3] *State v. Crosby*, 338 So.2d 584 (La.1976).

[4] The defendant was thereafter sentenced as follows: life imprisonment with hard labor, without benefit of parole, probation, or suspension of sentence for counts one and two; ninety-nine years imprisonment without benefit of parole, probation, or suspension of sentence for count three; twenty-five years imprisonment at hard labor without benefit of parole, probation, or suspension of sentence on counts four and five; fifteen years imprisonment at hard labor for count six; and ten years imprisonment at hard labor for count seven. All sentences were ordered to run concurrently.

---

## ASSIGNMENTS OF ERROR

1. The trial court abused its discretion in denying the defendant's motion to suppress the statement.

2. The trial court erroneously allowed the defendant to enter a "*Crosby* plea reserving him the right to appeal a ruling that was never expressly made and was not objected to by counsel."

## LAW AND DISCUSSION

The defendant points out, and the State acknowledges, that the transcript of June 13, 2023,[5] does not reflect a ruling on the State's notices of its intent to introduce evidence under La. C.E. arts. 412.2 and/or 404(B), nor does it show an objection by the defendant. However, at the time of the defendant's *Crosby* plea, defense counsel stated on the record that the defendant was preserving his objection to the admission of any evidence offered by the State under those notices of intent. The defendant and the State suggest that the proper procedural remedy is for this Court to remand for a *nunc pro tunc* hearing at the trial court for a ruling on the State's notices of intent to introduce evidence. We agree.

In *State v. Floyd*, 07-0216 (La. 10/5/07), 965 So.2d 865, the Louisiana Supreme Court set forth the procedure to follow when a reviewing court is unable to consider the merits of a defendant's suppression claim because the trial court did not rule on the admissibility. In that case, the appellate court had vacated the defendant's guilty plea, where the trial court failed to complete the hearing and issue a ruling on the defendant's motion to suppress evidence. After reversing the ruling of the appellate court, the Supreme Court remanded the matter, stating:

> This case is remanded to the district court for purposes of completing the hearing on the motion to suppress and for a ruling on the merits of the search issue. If the court rules favorably to the defendant on the motions, it shall provide him with the opportunity of withdrawing his guilty plea and pleading anew. In the event of an

---

[5] The minute entry from that date erroneously indicates that the trial court granted the State's notice of intent and that the defendant did not object at that time.

> adverse ruling on his motion the trial court shall maintain the guilty plea and defendant may again appeal his conviction and sentence to the court of appeal on the basis of his original *Crosby* reservation.

*Id.* [citations omitted]. This Court has previously followed *Floyd* when addressing issues such as the one raised in the instant appeal. *See State v. Murphy*, 09-139 (La. App. 5 Cir. 10/27/09), 28 So.3d 388.

## CONCLUSION

Accordingly, we remand this case to the trial court to rule on the admissibility of evidence the State sought to introduce under La. C.E. arts. 412.2 and/or 404(B). If the trial court denies the State's notices of intent, it shall allow the defendant to withdraw his guilty pleas and plead again. If the court rules in the State's favor, the trial court shall maintain the defendant's guilty pleas, and the defendant may again appeal his convictions and sentences to this Court on the basis of his original *Crosby* reservation. *See Floyd*, *supra*. We pretermit discussion of the merits of the defendant's assignment of error one concerning his motion to suppress a statement.

## DECREE

For the reasons discussed, we remand this matter for further proceedings consistent with this opinion.

**REMANDED WITH INSTRUCTIONS**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **FEBRUARY 26, 2025** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 24-KA-252

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE STEPHEN D. ENRIGHT, JR. (DISTRICT JUDGE)
KATHERINE M. FRANKS (APPELLANT)          JULIET L. CLARK (APPELLEE)          THOMAS J. BUTLER (APPELLEE)

**MAILED**
HONORABLE PAUL D. CONNICK, JR.
(APPELLEE)
DISTRICT ATTORNEY
TWENTY-FOURTH JUDICIAL DISTRICT
200 DERBIGNY STREET
GRETNA, LA 70053