978 So.2d 1202 (2008)
Kermit ADAMS, et al., Plaintiff-Appellee
v.
Caddo PARISH, Defendant-Appellant.
No. 43,047-CA.
Court of Appeal of Louisiana, Second Circuit.
March 19, 2008.
*1204 Jerald N. Jones, Shreveport, for Appellant.
Carl H. Franklin, Shreveport, for Appellee.
Before WILLIAMS, STEWART and MOORE, JJ.
*1205 WILLIAMS, J.
The defendant, Caddo Parish Fire District No. 6, appeals a judgment in favor of the plaintiffs, Kermit Adams and Vanessa Adams. The trial court awarded damages and attorney fees to the plaintiffs, finding that the defendant acted in bad faith in building a fire station on plaintiffs' property. For the following reasons, we reverse in part, affirm in part and remand.

FACTS
In December 1998, Kermit and Vanessa Adams bought a parcel of land in Caddo Parish identified as Lot 17 of the Jordan Estate partition. In December 2000, Caddo Parish Fire District No. 6 ("the District") bought the adjacent parcel of land, Lot 18, by cash sale deed. The District purchased the land for the purpose of building a satellite fire station. The District hired Michael Bowman, a surveyor, who surveyed Lot 18 and marked the property lines with stakes. The survey showed that Lot 18 was bordered by Vardaman Road on the south side and by Keithville-Keatchie Road along the east side.
In a deposition, Jarrell Morgan, the chairman of the District at the time, stated that he rented equipment and cleared brush and stumps from within the marked border of Lot 18. Morgan testified that he prepared a dirt pad for the building by leveling the ground, but that someone else had poured the concrete slab for the fire station. Morgan stated that volunteers built the fire station and that he did not recall seeing any written plans for the building. The fire station was completed in February 2001.
Kermit Adams testified at trial that he first learned that the fire station had been built on his property in November 2004, when he obtained a survey of Lot 17 in preparation for building a horse barn. Adams stated that although he had observed the fire station prior to that time, he did not know that most of the building was actually located on his lot. After learning of the encroachment, Adams contacted the District. The parties discussed a possible lease of the affected portion of Lot 17 or an exchange of land, but they could not reach an agreement.
In March 2005, the plaintiffs, Kermit and Vanessa Adams, filed a petition against the defendant, Caddo Parish, seeking return of possession of the property and damages. Subsequently, the plaintiffs filed an amended petition substituting the District as party defendant and alleging bad faith in construction of the fire station. The plaintiffs' claims against Caddo Parish were later dismissed. The District filed an answer alleging that plaintiffs' claims had prescribed and a reconventional demand seeking a judgment declaring that it had acquired a servitude of use over plaintiffs' property.
After a trial, the court issued a written opinion finding that the District had not acted in good faith in negligently building the fire station across the property line and that LSA-R.S. 19:14 was not applicable under the circumstances. Concluding that LSA-R.S. 13:5111 was the applicable statute, the court found that plaintiffs' claims had not prescribed since they had filed suit within three years of the date of discovery of the taking. The court rendered judgment awarding plaintiffs damages of $3,000, attorney fees of $3,000 and ordering the District to remove the encroachment from the plaintiffs' property. The District appeals the judgment.

DISCUSSION
The District contends the trial court erroneously stated certain incorrect facts concerning ownership of the property *1206 in its written opinion. The District argues that the judgment should be reversed because the court's opinion was based on the wrong factual information.
Although the trial court incorrectly identified the owner of each of the lots in its summary of facts, a reading of the entire opinion indicates that the court was aware of the claims of the parties and that there was an encroachment on the plaintiffs' property. In addition, following trial the court made several "preliminary observations," correctly noting that the District had purchased Lot 18 and that most of the fire station was located on Lot 17, which was owned by the plaintiffs. Thus, the record shows that the trial court was aware of the correct facts regarding ownership despite the mistake in its opinion. The assignment of error lacks merit.
Issue of Good Faith
The District contends the trial court erred in applying the provisions of LSA-R.S. 13:5111 in this case. The District argues that LSA-R.S. 19:14 is the applicable statute because it built the fire station in good faith on the plaintiffs' property with their acquiescence.
In a case where the state or its political subdivision has in good faith taken possession of privately owned immovable property of another and constructed facilities upon such property with the consent or acquiescence of the owner of the property, the owner shall be entitled to bring an action for just compensation for the taking of his property. The amount of compensation will be determined as of the time of the taking and the owner's action shall proceed as if the state or political subdivision had filed a petition for expropriation. LSA-R.S. 19:14.
A trial court's factual findings will not be reversed unless clearly wrong. A reviewing court does not decide whether the factfinder was correct, but whether its findings were reasonable based upon the record. Stobart v. State DOTD, 617 So.2d 880 (La.1993).
In its appellate brief, the District argues that it acted in good faith because it obtained a survey of Lot 18 and built the fire station in reliance on that survey. However, the evidence in the record does not support the District's assertion regarding placement of the building.
Michael Bowman, a registered land surveyor, testified that he surveyed Lot 18 for the District and prepared a survey map in January 2001. This survey map shows that the eastern border of Lot 18 is a total of 21.5 feet and that the northern property line gradually widens heading west. Bowman stated that he prepared a survey of Lot 17 for the plaintiffs in November 2004. That survey map indicates that the fire station and driveway encroached on the southeast corner of Lot 17. Bowman testified that approximately 85% of the station had been built on the plaintiffs' property and that the building's width was 28.4 feet and its length was 36.3 feet. Photographs of the lots admitted into evidence show a ditch on the southern boundary of Lot 18 running along Vardaman Road.
In his deposition, Jarrell Morgan testified that he prepared a dirt pad for the fire station by using a bulldozer and backhoe to move dirt to the area where the building would be located. Morgan stated that he did not know who poured the concrete slab for the fire station and that he was not present when that work was done. Morgan asserted that he remained within the area marked by survey stakes while preparing the dirt pad. However, he did not state that the concrete slab underneath the fire station had been placed in a location different from that of the dirt pad he had prepared, indicating that Morgan *1207 had not installed the dirt pad within the boundaries of Lot 18.
Moreover, considering the physical dimensions of the fire station and the narrowness of the eastern portion of Lot 18, a person relying in good faith on the survey map should have realized that a building of that size, being placed approximately 54 feet from the eastern property line, would have needed to be located much closer to Vardaman Road to remain within the Lot 18 boundaries. That location, though, would have required more extensive work to fill in the ditch and level the ground.
Based upon the evidence presented, the trial court could have found that the District unreasonably disregarded the Lot 18 property lines reflected in the survey map in building the fire station in that location. Thus, we cannot say the trial court was clearly wrong in finding that the District did not act in good faith in its placement of the fire station. Consequently, the trial court did not err in concluding that LSA-R.S. 19:14 was not applicable in this case. The assignment of error lacks merit.
Applicability of LSA-R.S. 13:5111
The District contends the trial court erred in applying LSA-R.S. 13:5111 in this case. The District argues that plaintiffs are not entitled to compensation for the taking of their property because they filed an action for declaratory judgment and not for compensation.
Every pleading is construed so as to do substantial justice. LSA-C.C.P. art. 865. The caption, or heading, of the pleading does not control and the court is obligated to ascertain the substance of the pleading. Smith v. Cajun Insulation, Inc., 392 So.2d 398 (La.1980); Ford Motor Credit Co. v. Brown, 32,995 (La.App.2d Cir.4/5/00), 756 So.2d 654. Where property has been taken or damaged for a public purpose without an expropriation proceeding, there is an inverse condemnation. Harrington v. Southwestern Electric Power Co., 567 So.2d 731 (La.App. 2d Cir. 1990).
Although the title of plaintiffs' pleading in this case did not refer to compensation, their second amended petition alleged an adverse taking of their property by the District and prayed for all available relief. In addition, the plaintiffs' pretrial brief alleged that the District had built a fire station on their property and refused to reasonably compensate them. The plaintiffs further alleged that the District had taken their property in bad faith without expropriation and they sought compensation and attorney fees. Based upon the pleadings and filings in the record, the plaintiffs raised a claim for inverse condemnation. Thus, the trial court did not err in applying LSA-R.S. 13:5111 in this case.
The District contends the plaintiffs' claims have prescribed. LSA-R.S. 13:5111 requires that actions for compensation, including reasonable attorney fees, for the taking of property by a state political subdivision without an expropriation proceeding be brought within three years from the date of such taking. The three-year prescriptive period of Section 5111 is deemed to begin only when the owner discovers the fact that his property has been taken. Lieber v. State DOTD, 28,745 (La.App.2d Cir.10/30/96), 682 So.2d 1257, writ denied, 97-0087 (La.3/7/97), 689 So.2d 1374; Jungeblut v. Parish of Jefferson, 485 So.2d 974 (La.App. 5th Cir.1986).
In the present case, Kermit Adams testified that although he had seen the fire station while driving past his property he did not know of the encroachment until he obtained a survey of his lot in November 2004. The photographic exhibits and the testimony demonstrated that the plaintiffs' *1208 property was undeveloped and overgrown, such that the location of the property line was not readily apparent. Based upon the evidence presented, we cannot say the trial court was clearly wrong in finding that the plaintiffs were not aware of the taking of their property until they obtained the November 2004 survey. Thus, the court did not err in concluding that the plaintiffs' lawsuit filed in March 2005 was timely. The assignment of error lacks merit.
The District contends the trial court erred in ordering removal of the fire station from plaintiffs' property. The District argues that if LSA-R.S. 13:5111 is applicable, then plaintiffs are entitled to compensation for the property taken, not removal of the encroachment. This assignment has merit.
In order to determine whether property rights have been "taken" under La. Const. Art. 1, Sec. 4, which provides that property shall not be taken or damaged by the state or its political subdivisions except for public purposes and with just compensation paid to the owner, the court must determine (1) if a property right has been affected; (2) whether the property has been taken or damaged in a constitutional sense; and (3) whether the taking is for a public purpose under Article 1, Section 4. Williams v. City of Baton Rouge, 98-1981 (La.4/13/99), 731 So.2d 240. The compensation for landowners in inverse condemnation proceedings is the same as in expropriation cases: the owner is entitled to the market value of his property and severance damages. Roy v. Belt, 03-1022 (La.App. 3rd Cir.2/18/04), 868 So.2d 209, writ denied, 04-1149 (La.7/2/04), 877 So.2d 147. The value of appropriated property is fixed as of the date of its appropriation. Roy v. Belt, supra.
Here, the plaintiffs' property has been "taken" as a result of the District's construction of the fire station on their lot and they are entitled to inverse condemnation damages. However, the record does not contain sufficient information to determine the market value of the property appropriated in January 2001 for the fire station. Consequently, this matter must be remanded for an evidentiary hearing to assess the value of the plaintiffs' property at the time of the appropriation and to determine whether plaintiffs are entitled to severance damages.
Pursuant to the provisions of LSA-R.S. 13:5111, the trial court erred in ordering the removal of the fire station and driveway from the plaintiffs' property and we shall reverse that part of the judgment. Accordingly, the District will be recognized as owner of a servitude concerning the property actually taken by the fire station and driveway, along with a strip of land three feet wide surrounding those structures to allow for reasonable access and maintenance.
Damages
The District contends the trial court erred in awarding damages of $3,000 to plaintiffs for their inability to complete their plans to use their property for a horse barn and for inconvenience resulting from the District's actions. The Louisiana Supreme Court has held that in addition to property damages resulting from the inverse condemnation, when the appropriating authority has acted in bad faith the owner is entitled to an award of general damages, including loss of use and loss of enjoyment of property, inconvenience and anxiety. Williams v. Baton Rouge, supra. The trier of fact is given much discretion in the assessment of damages. Upon appellate review, damage awards will be disturbed only when there has been a clear abuse of that discretion. LSA-C.C. art. 2324.1; Williams, supra.
*1209 In this case, Kermit Adams testified that he paid Byron Smith $4,050 to clear brush from Lot 17, to dismantle and move a barn to the lot from another location and for materials to rebuild the barn. Adams stated that the presence of the fire station and driveway on his property prevented the construction of the horse barn in the location he had planned. Adams testified that the District had dug a drainage ditch across his property and that he had lost approximately 30 feet of frontage area because of the fire station.
Byron Smith testified that he was hired by plaintiffs to dismantle a barn located elsewhere and rebuild the structure on their property. Smith stated that he cleared their lot of stumps and brush, leveled the ground and prepared a dirt pad for the barn. Smith testified that after he hauled the building materials out to plaintiffs' property they instructed him to stop work until a survey could be done. Smith stated that as a result of this delay in rebuilding the barn, he would need to clear the site again to remove brush that had regrown and to flatten the dirt pad.
Contrary to the District's assertion in its brief, Michael Bowman did not state that the plaintiffs were not inconvenienced by the presence of the fire station. Bowman's testimony indicated that Adams would need to build the barn farther to the west than originally intended to have the same size structure as planned. The evidence indicated that such a change in location would require plaintiffs to install a much longer driveway.
The evidence presented demonstrates that the delay in plaintiffs' planned use of their property caused by the construction of the fire station will require additional work to clear the lot of brush and repair the dirt pad, or to relocate the pad. After reviewing the record, we cannot say that an award of $3,000 for plaintiffs' loss of use and enjoyment of their property and their inconvenience was an abuse of the trial court's wide discretion in assessing damages. The assignment of error lacks merit.
Attorney Fees
The District contends the trial court erred in awarding attorney fees. The District argues that the plaintiffs failed to present sufficient evidence to support an award of $3,000 in attorney fees.
Pursuant to LSA-R.S. 13:5111, a plaintiff is entitled to reasonable attorney fees actually incurred to be awarded as part of the court costs. In determining reasonable attorney fees the factors to be considered include the result obtained, the amount involved, the skill of the attorney, the amount of work necessarily undertaken and the court's own knowledge. Jungeblut, supra.
In the present case, the plaintiffs' attorney filed two amended petitions, an answer to the District's reconventional demand and a pretrial brief. At trial, the plaintiffs' counsel called several witnesses and ultimately obtained a favorable result for his clients. In addition, we note that the trial court was able to evaluate the extent and quality of the attorney's work product. After considering the statutory authority for attorney fees, the applicable factors and the record of these proceedings, we cannot say the trial court abused its discretion in the award of attorney fees. The assignment of error lacks merit.
Answer
The plaintiffs filed an answer to the appeal seeking an increase in the awards of damages and attorney fees. Plaintiffs contend the trial court should have awarded more for reimbursement of their expenses. They further contend the court erred in failing to award damages for their *1210 loss of stall rental revenue resulting from the delay in building their horse barn.
The testimony demonstrated that a significant amount of the plaintiffs' expenses in preparing their lot would have been incurred even if the fire station had not been present. In addition, the record shows that the trial court was not clearly wrong in finding that the evidence presented was insufficient to support the plaintiffs' claim for lost rental revenue.
The plaintiffs seek an increase of attorney fees for work on appeal. Based upon this record and the factors considered above, we conclude that the trial court's award of attorney fees was reasonable for the work performed by plaintiffs' counsel through this appeal. The plaintiffs' arguments in answer to the appeal lack merit.

CONCLUSION
For the foregoing reasons, that part of the trial court's judgment ordering removal of the fire station and driveway is reversed, and Caddo Parish Fire District No. 6 is hereby recognized as owner of the property actually taken by the fire station and driveway, along with a strip of land three feet wide surrounding those structures to allow for reasonable access and maintenance. The judgment is otherwise affirmed and this matter is remanded for an evidentiary hearing on the issues of the market value of the property at the time of the appropriation and whether plaintiffs are entitled to severance damages.
Costs of this appeal are assessed one-half to the appellant, Caddo Parish Fire District No. 6 to the extent allowed by law and one-half to the appellees, Kermit and Vanessa Adams.
REVERSED IN PART; AFFIRMED IN PART AND REMANDED.