PER CURIAM.
| ¶ Denied. The application was not timely filed in the district court, and relator fails to carry his burden to show that an exception applies. La.C.Cr.P. art. 930.8; State ex rel. Glover v. State, 93-2330 (La.9/5/95), 660 So.2d 1189. We attach hereto and make a part hereof the District Court’s written reasons denying relator’s application.
Relator has now fully litigated at least eight applications for post-conviction relief in state court. Similar to federal habeas relief, see 28 U.S.C. § 2244, Louisiana post-conviction procedure envisions the filing of a second or successive application only under the narrow circumstances provided in La.C.Cr.P, art. 930.4 and within the limitations period as set out in La. C.Cr.P. art. 930.8. Notably, the Legislature in 2013 La. Acts 251 amended that article to make the procedural bars against successive filings mandatory. Relator’s claims have now been fully litigated in accord with La.C.Cr.P. art. 930.6, and this denial is final. Hereafter, unless he can show that one of the narrow exceptions authorizing the filing of a successive application applies, relator has exhausted his right to state collateral | ¡.review. The District Court is ordered to record a minute entry consistent with this per curiam.
*1020 ATTACHMENT
[[Image here]]
RULING
On November .13, 1987, Petitioner, JOHNNY B. WRlGBT, was cpnvicted.by a juiyonCountl:AggravatedRapeandCountILAggravatedBurglary, OnJanuary5,1988, having previously been found guilty as charged, Petitioner was sentenced as to Count I on Aggravated Rape to life imprisonment at hard labor, without benefit of parole, probation, or suspension of sentence and .committed to the Louisiana Department of'Coirections, subject to the conditions provided by law, with credit for .time served. Petitioner was sentenced as to Count II on Aggravated Burglary to be confinfed at hard labor for thirty (30) years and committed to the Louisiana Department of Corrections; subject tq the conditions provided by law. The Court ordered the sentence imposed for Aggravated Burglary to run consecutively with, the sentence imposed for Aggravated Rape. The Court informed the Petitioner of his right to appeal.
On appeal, -Petitioner’s convictions and sentences were affirmed. State v. Wright, 537 So.2d 768 (La.App.2 Cir. 1/18/89), writ denied, 541 So.2d 891 (La. 4/21/89).
The subject of this Ruling is -Petitioner’s “Motion Requesting Transfer” filed August 25,2014, “Motion for Evidentiary Hearing” filed February 6,-2015, “Objection to the State Procedural Objection to Application, for' Post-Conviction-Relief’ filed May 29, 2015, “Motion to Access the. Courts” filed May 29, 201S, “Procedural Objection of the State Response to Petition of Writ of Habeas Corpüs and to Petitión.of Post-Conviction.Relief ’ filed July 31, 2015, “Motion to .Access the Courts” filed.-Jtáy 31, 2015, iMotioa for Agreeable to the Usages and Principles of Law" filed September 15,. 2015,- “Motion of Procedure Objection Against the Procedure of fix .Post Facto Application of Law of the State of Louisiana” filed September 18,2015, “Objection to the Procedure Objection” filed September 18, 2015, and “Motion to Quash" filed October 8,2015. This Court hits no- *1021 record of either of these filings. However, this Court has record of “Uniform Application for Post-Conviction Relief’, filed March 11, 2014-and “Petition for.Writ of Habeas Corpus” filed August 20,2014.
Petitioner's motions are treated, as. applications for post-conviction relief on the grounds that the substance, rather than the caption of a pleading, governs the pleading's construction. The caption, or heading, of the pleading does not control and the Court is obligated to ascertain the substance of the pleading. Adam v. Parish 43,047, 6 (La.App.2d Cir. 3/19/08) 978 So.2d 1202, 1207; Smith v. Cajun Insulation, Inc., 392 So.2d 398 (La.1980); Ford Motor Credit Co. v. Brown, 32,995 (La.App.2d Cir. 4/5/00), 750 So.2d 654. Each of Petitioner’s motions, notwithstanding its caption, was clearly intended by ⅜ very substance to serve as an application for post-conviotion relief.
Louisiana Code of Criminal Procedure article 924(1) defines an application for post-conviotion relief as, “a petition filed by a person in custody after sentence following conviction for the commission of an offense seeking to havé the conviction and sentence set aside.” Petitioner’s “Writ of Habeas Corpus”, in spite of its name or caption, was clearly filed while he was in custody, after sentencing, and for the purpose of having his conviction and sentence set aside.
La. C.Cr.P. Art. 930.8(A) provides “no application for post-conviotion relief, including applications which seek out-of-time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final" unless certain circumstances exist. None of ⅛⅜ considered circumstances exist in the case at bar. In the present ease Petitioner’s oonvictions and sentences Were affirmed by the Second Circuit Court of Appeal in 1989. Therefore, the two-year time limitation for filing these applications has expired and Petitioner’s application is denied for being untimely.
For the foregoing reasons, Petitioner’s “Motion Requesting Transfer” filed August 25,2014, “Motion for Evidentiary Hearing” filed February 6) 2015, “Objection to the State Procedural Objection to Application for Post-Conviction Relief’ filed May 29, 2015, ‘Motion to Access the Courts” filed May 29, 2015, “Procedural Objection of the State Response to Petition of Wrif of Habeas Corpus and to Petition of Post-Conviction Relief’ *1022 filed July 31, 2015, “Moldea to Access (he. Courts" filed1 July 31, 2015, “Motion for Agreeable to the Usages and Principles of Law”-filed September 15,. 2015, “Motion of Procedure Objection Agamst'the Procedure of Ex Post Facto Application of Law- of the State of Louisiana” filed September 18,2015, “Objection to the Procedure Objection" filed September 18,2015, and “Motion to Qu^sh” filed October 8,2015, are all DENIED.
The Clerk of Court ⅛ directed to provide a copy of this Ruling to the Petitioner, his GUgtQljljaT» anrt fhfc Diftlrtaf Attrn*nfiv.
[[Image here]]
[[Image here]]