PER CURIAM:
11 Denied. Relator has exhausted his right to state collateral review. See State ex rel. Lane v. State, 16-2217 (La. 1/23/17), 209 So.3d 87. We attach hereto and make a part hereof the district court’s written reasons denying relief.
*843 [[Image here]]
OPINION
The Court has fbr-its consideration Feffiioner's'lViotion to. Withdraw Guilty ¾⅝ filed on July 2,2015, Fo'rthe reasons stated below4he Petitioner's'motkm-is DENIES,
Petitioner was -charged, with an indictment: for Second Degree Murder, On June .14,2dl1, the .State, fifed an amended.indictroent of manslaughter,'to which Petitíoner pTeAgiñity. TheCoust ■informed Petitioner of his rights as,per Botkin and senteneeáhúato ibrty-(40)yesrs--at hard, labor and he was committed to the Louisiana Department .of Corrections, subject tq the; conditions provided by law.
In his motion, Petitioner alleges violations of his canstikmonaliights. These violations are: (1) The Court abused its discretion when- sentencing, hunt (2)'The Court; counsel, and DA refused to raise the question-of'his menta!'health3,(3) The- .indictment was not endorsed by a-true bill; (4) die plea colloquy was inadequate; (5) The Court and counsel wrongfully- influenced him into-pleading guilty; (6) The DA failed to commence the trial within »tW6 ⅝⅞ limitation; (7) The DA withheld evidence concerning guilt or innocence; and (8) The plea; Was made involuntarily and iminteiligently.
When aitlefen'daut enters an. unreserved plea of guilty-, he waives Ms rights to attack the strength of the State’s case and any.nomjin'!sdietioMil defeats in the State's case, Stitfe'v. Crosby, 338 So, 2d 584, (La, 197S); Stctta v. Swim 33,739 (La, App. 2'd-Cit. lW70Q^768iS6.2d822. •ft by-a contested trial. StM ⅞ ⅝⅜ 567 So, 2d 744, (La. App, 2d Cir. 1990); State v. Hardy, 39,233, (La. App. 2S Civ. 1/261$$), 892 So, 2d 710, 712; By pleading-guilty, therefore, petitioner has waived his right to -complain about any portion- of the 'State’s case against him.
*844 is obligated to ascertain the substance of the pleading, Adams v, Parish 43,047,6 (La.App.2d Gsr. 3/1'9/OS) 978 So.2d 1202,1207; Smith v. Cajún Insulation, M, 392 Só,2d 398 (1⅜ 1,980); Font MotorCrecTu Cq. v, Frown, 32,995 (La.App,2d-Cir. 4/5/00); 750 J3o.2d.654. Petitioners motion, notwithstanding ⅝ caption, was cletttrly intended by its veiy substance to s'erv6'-SS an Application for,Post-Conviction Relief.
Louisiana Coda' of Criminal Procedure article 924(1.) .(tefito &i application for post oonviciiou.reliefas, “apetition filed by aperson.m custody pfievsentence foltowtogconvlotionfor-tbti-.cotomissito of an'of&nse'se'aldagtto havRthe-oaüvíotío'n andte'e'utéitóeteet'-asids," 'Peiitfoiier’s 'Motion to Withdraw Guilty Plea, filed onJúly2,2015, in-spite-of its naroeo? caption,-was'cleraiy filed, while-he was -in- custody, after sentencing, 'and-for the purpüée o'i!&iviS%ltis conviction, atid sentence set aside.
The -guidelines fbr Post Conviction Relief are outlined in tha Louisiana C'ode'of Criminal Law and Procedure. According -'to- La. C.Cr.P, Art. 93⅛8, “no application fbr-posb-conviction relief, including applications which seefe an tmt-oMme appeal, sháTl- bé tíohéidéted'if ⅛ te filed more-thairtwo (2) years after tire judgment of conviction and sentence has.b'ecome final?’., unless certain- circumstances' exist. .Nona of tire considered circumstances existid fee case át.Bar.
Petitioner’s motion-is both ruitimely mrd.repetitive; Petftio'n&’s sentence-and conviction became final in June 2011. 'Tliis.motion was not filed until ’July' 2,2015, far beyemdrfee two (2) year .period from final judgment ⅛ which totiile an-applicatten for posfeconvictton relief,. It.aiso raiseatlre saino claims feat werebonsidered and denied by this .Court in his tinrely-filed Application for PosteEonvi'clfan Relief. Tile-new caption on.tlris pleading,- which.ccavtafos-.'fee same substance, is simply an- attempt to get around the statutory JifflitationB.pl’aced.on post*ootivictkin-roK.et
. Even if Petitioner’s' motion were to fall 'Under a Motion te Wi todraw Plea Agreement, -ibis. CSurf does not have- any authority'to. withdraw Petitioner's ptea. Under Code of Criminal .Procedure Mole' 559(a), the tiou.rt 'may permit a plea of guilty at any time: before'-sentencing, Petitioner'haa'Blready been sentenced, & addition, tho-Court-infonned'Petitioner at sentcncing.of
*845 [[Image here]]