GRAVOIS, J.
Defendant, Keithen D. Nelson, appeals his conviction of possession of cocaine, in violation of La. R.S. 40:967(C). For the reasons that follow, we affirm defendant's conviction and sentence, but remand the matter for correction of the commitment in accordance with this opinion.
PROCEDURAL HISTORY
On January 28, 2015, the Jefferson Parish District Attorney filed a bill of information charging defendant, Keithen D. Nelson, with possession of cocaine, in violation of La. R.S. 40:967(C).[1] On March 4, 2015, defendant pled not guilty at his arraignment. On March 5 and 26, 2015, defendant filed omnibus motions, including motions to suppress statements, evidence, and identification. On June 22, 2017, the trial court heard and denied only defendant's motion to suppress evidence.
*224 On August 14, 2017, defendant withdrew his plea of not guilty and pled guilty as charged to possession of cocaine.[2] In accordance with the plea agreement, defendant was sentenced to two years imprisonment at hard labor; his sentence was ordered to be served concurrently with his sentences in district court case numbers 15-570 and 15-462.[3]
Nearly one month later, on September 12, 2017, defendant filed a "Motion for Reconsideration of Sentence" under La. C.Cr.P. art. 881.1, advising the trial court that he had intended to enter his plea under State v. Crosby , 338 So.2d 584 (La. 1976). On September 15, 2017, following a hearing, the trial court advised defense counsel that it would grant the motion for reconsideration of sentence.
On September 16, 2017, defendant filed a "Motion and Order for Appeal Pursuant to State vs. Crosby ," noting his right to appeal the denial of the motions to suppress evidence, statement, and identification.[4] On September 18, 2017, the trial court issued an "Order Amending Commitment and Sentence," wherein it granted defendant's motion for reconsideration of sentence and ordered that the sentence and commitment be amended solely to reflect that defendant's right to timely appeal under Crosby be "reserved unto him commencing on the date of this order." Also, on September 18, 2017, defendant's motion for appeal pursuant to Crosby was granted. Defendant's appeal followed.
FACTS
As defendant pled guilty, the facts were not fully developed at trial. However, the bill of information alleged that on or about January 9, 2015, defendant violated La. R.S. 40:967(C) by knowingly or intentionally possessing cocaine in Jefferson Parish.
ANALYSIS
Defendant seeks this Court's review of the denial of his motion to suppress pursuant to State v. Crosby , supra . The State argues in response that the present appeal is untimely and defendant's assigned error is procedurally barred from review.
La. C.Cr.P. art. 881.1(A)(1) provides, in pertinent part: "In felony cases, within thirty days following the imposition of sentence ... the defendant may make or file a motion to reconsider sentence." La. C.Cr.P. art. 914(B)(2) provides that a motion for appeal must be made no later than thirty days from a ruling on a motion to reconsider sentence. On the other hand, when a motion to reconsider is not filed, La. C.Cr.P. art. 914(B)(1) provides that the motion for appeal must be made no later than thirty days after the rendition of the judgment or ruling from which an appeal is taken.
*225 Here, defendant was sentenced on August 14, 2017. He filed a motion for reconsideration of sentence on September 12, 2017, which was within thirty days of the imposition of his sentence. Defendant's motion and order for appeal pursuant to Crosby was filed on September 16, 2017. After defendant's motion to reconsider was granted orally on September 15, 2017, his motion for appeal was granted on September 18, 2017.
In the motion for reconsideration of sentence, defense counsel asserted that on the morning of the guilty plea proceeding, defendant informed him in court that he wanted to enter a "Bill Cosby Plea." When further questioned by defense counsel, defendant indicated that he wanted to "deny [his] guilt." Defense counsel informed defendant that no such plea existed, but defendant could deny his factual guilt pursuant to North Carolina v. Alford , 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).[5] Defense counsel averred that upon further reflection, he believed defendant had been referring to a Crosby plea and sought to reserve his right to seek review of any adverse pretrial rulings. Therefore, defense counsel requested that the trial court "strike" defendant's sentence and "resentence him solely as to the reservation of his right to appeal any adverse rulings by the District Court pursuant to the provisions of State Louisiana [sic] v. Crosby."
Following a hearing, on September 18, 2017, the trial court issued an "Order Amending Commitment and Sentence," wherein it granted defendant's motion for reconsideration of sentence and ordered that defendant's sentence and commitment be amended solely to reflect defendant's right to appeal to this Court pursuant to Crosby and such right was "reserved unto him commencing on the date of this order."
Upon review, we find that defendant's motion for reconsideration did not actually challenge the term or nature of his sentence. Further, no term of defendant's sentence was amended, and his original sentence remained intact. The caption, or heading, of a pleading does not control, and the Court is obligated to ascertain the substance of the pleading. State ex rel. Wright v. State , 15-2328 (La. 3/24/16), 188 So.3d 1019, 1021 (per curiam ). Thus, in reviewing the substance of the pleading, rather than the caption, we find that defendant's motion was not a properly filed motion for reconsideration, and therefore, the time period provided in La. C.Cr.P. art. 914(B)(1) should apply. Accordingly, defendant's motion for appeal was untimely filed more than thirty days from imposition of his sentence.
Nevertheless, in the interest of judicial economy and to avoid useless delay, we will entertain the appeal, noting that defendant could be entitled to reinstatement of his appellate rights pursuant to State v. Counterman , 475 So.2d 336 (La. 1985).[6]
*226 ASSIGNMENT OF ERROR NUMBER ONE
In his only assignment of error, defendant asserts that the trial court erred by denying the motion to suppress, "as the evidence showed that appellant was too intoxicated to intelligently waive his right to remain silent." Upon review, we find that defendant did not expressly reserve his right to appeal the motion to suppress evidence at the time he entered his plea and thus has waived his right to appeal any defects in this ruling.
A guilty plea normally waives all non-jurisdictional defects in the proceedings leading up to the guilty plea and precludes review of such defects either by appeal or post-conviction relief. State v. Raines , 00-1942 (La. App. 5 Cir. 5/30/01), 788 So.2d 630, 632. However, a defendant may be allowed appellate review if at the time he enters a guilty plea, he expressly reserves his right to appeal a specific adverse ruling in the case. Crosby , supra ; State v. King , 99-1348 (La. App. 5 Cir. 5/17/00), 761 So.2d 791, 793, writ denied , 00-1824 (La. 6/29/01), 794 So.2d 822. Under Crosby , a defendant may reserve his right to appeal a prior adverse ruling of the trial court. State v. Richardson , 09-714 (La. App. 5 Cir. 2/9/10), 33 So.3d 903, 906, writ denied , 10-0526 (La. 10/15/10), 45 So.3d 1109.
In the present case, both the State and defendant erroneously maintain that defendant's plea was tendered pursuant to North Carolina v. Alford .[7] At the beginning of the guilty plea proceeding, defense counsel stated that defendant sought to withdraw his plea of not guilty and tender a plea of guilty as charged to one count of possession of cocaine. Both the executed waiver of rights form and the original minute entry/commitment fail to reflect that defendant entered an Alford plea. After the colloquy with defendant, the trial court accepted defendant's plea to possession of cocaine and imposed defendant's sentence. The guilty plea proceeding was concluded. As shown below, the record supports that defendant entered an unqualified plea of guilty as charged to possession of cocaine.
At the beginning of the guilty plea proceeding for all three district court cases, defendant indicated that he had a question for the trial court. The following exchange occurred:
Defendant: "I would like to ask, dealing with the-the situation with the-with the Bill Cosby (phonetically spelled) Act, how would that go as far as dealing with the guilty plea?"
The Court: "What, the Alford Plea?"
Defendant: "Yeah; yes, sir."
The Court: "Well it's-you're just-you're not going to admit your guilt."
Defendant: "Right."
The Court: "Okay? You're going to maintain all of your rights; it's just going to be a plea under an Alford Plea."
Defendant: "Alright. Then, also with the-me and Somoza [defense counsel] had come to some type of agreement *227 in forms and fashion of a-a drug program in-"
Defense counsel: "I-I was going to ask for that at the-after sentencing, Your Honor. We were going to ask for the-that Your Honor recommend Mr. Nelson for the Steve Hoyle Substance Abuse Program at the Bossier Parish Correctional Facility, which I believe he does qualify for. And any and [sic] other self-help, or self-improvement programs for which he would be qualified.
The Court: Okay. I always do the self-help. And we'll go over that when we go through the plea.
According to the record, defendant subsequently entered an Alford plea to the charge of armed robbery with a firearm in district court case number 15-570, but not as to the charge of possession of cocaine.
The signed waiver of rights form and colloquy with the trial court are void of any suggestion that the guilty plea was made subject to the reservation of appellate review of the trial court's denial of defendant's motion to suppress evidence. Although defendant inquired about the "Bill Cosby Act" during the colloquy and defense counsel urged that this indicated defendant's intention to reserve review of the motion to suppress, under the particular facts and circumstances of this case, we find that the singular mention of a "Bill Cosby Act" was not sufficient to reserve defendant's right to seek review of the ruling. Upon review, we find that defendant's failure to reserve the right to appeal the denial of the motion to suppress under Crosby , supra , at the time he entered his guilty plea has precluded his right to appeal the trial court's ruling on the motion to suppress evidence and he has waived his right to appellate review of his arguments. See State v. Runnels, 15-172 (La. App. 5 Cir. 12/23/15), 182 So.3d 1245, 1251-52. Accordingly, because defendant entered an unqualified plea of guilty, we decline to address the merits of this assignment of error.
ERRORS PATENT REVIEW
The record was reviewed for errors patent, according to La. C.Cr.P. art. 920 ; State v. Oliveaux , 312 So.2d 337 (La. 1975) ; and State v. Weiland , 556 So.2d 175 (La. App. 5th Cir. 1990).
Following the granting of the motion for reconsideration, the trial court issued an amended hard labor commitment containing the notation that it was adding defendant's right to appeal pursuant to Crosby . In light of the above findings, we find that this is inconsistent with the transcript, which reflects that defendant entered an unqualified plea of guilty to possession of cocaine. Accordingly, to ensure accuracy of the record, we remand the matter to the trial court to correct the hard labor commitment to reflect the proper nature of defendant's guilty plea, i.e. , to reflect that defendant entered an unqualified plea of guilty to possession of cocaine. We further direct the Clerk of Court to transmit the original of the corrected hard labor commitment to the appropriate authorities to which defendant had been sentenced and to the Department of Corrections' Legal Department. See La. C.Cr.P. art. 892(B)(2) ; State ex rel. Roland v. State , 06-0244 (La. 9/15/06), 937 So.2d 846 (per curiam ); State v. Long , 12-184 (La. App. 5 Cir. 12/11/12), 106 So.3d 1136, 1142.[8]
*228 CONCLUSION
For the foregoing reasons, defendant's conviction and sentence are affirmed. The matter is remanded for correction of the commitment in accordance with this opinion.
CONVICTION AND SENTENCE AFFIRMED; REMANDED FOR CORRECTION OF COMMITMENT

The present appeal, 17-634, is a companion to appeal number 17-650. Both appeals involve defendant, but for different convictions stemming from the same incident. The present appeal pertains to district court case number 15-461, while 17-650 pertains to district court case number 15-570.

Defendant simultaneously pled guilty to the charge of armed robbery with a firearm in district court case number 15-570. He also pled guilty to misdemeanor possession of marijuana, first offense, in district court case number 15-462. Defendant does not seek this Court's review of the possession of marijuana conviction and sentence.

The trial court also recommended any and all self-help programs to defendant, specifically the Steven Hoyle's Substance Abuse Center at Bossier City Correctional.

Although a motion to suppress identification was filed as part of defendant's omnibus motions, such a motion was never argued during the suppression hearing. Importantly, a motion to suppress statement also was not heard. When the trial court does not hear or rule on a pretrial motion, and the defendant does not object prior to pleading guilty, the motion is considered waived. State v. Corzo , 04-791 (La. App. 5 Cir. 2/15/05), 896 So.2d 1101, 1102.

It is noted that the motion references both the conviction of armed robbery with a firearm and possession of cocaine, but does not distinguish that one was pursuant to Alford and one was not.

After the time for appealing has elapsed, the conviction and sentence are no longer subject to review under the ordinary appellate process, unless the defendant obtains the reinstatement of his right to appeal. The appropriate procedural vehicle for a defendant to exercise his right to appeal, after the delay provided by Article 914 has expired, is an application for post-conviction relief. State v. Counterman , 475 So.2d at 338-39. La. C.Cr.P. art. 930.8 provides time limitations for filing an application for post-conviction relief, including applications which seek an out-of-time appeal. Such applications shall not be considered if filed more than two years after the judgment of conviction and sentence has become final under the provisions of Article 914 or 922 (finality of judgment on appeal), unless certain exceptions apply. See La. C.Cr.P. art. 930.8(A).

The "best interest" or Alford plea is one in which the defendant pleads guilty while maintaining his innocence. In Alford , the United States Supreme Court ruled that a defendant may plead guilty, without foregoing his protestations of innocence, if "the plea represents a voluntary and intelligent choice among the alternative courses of action open to defendant[,] ... especially where the defendant was represented by competent counsel whose advice was that the plea would be to the defendant's advantage." Alford , 400 U.S. at 31, 91 S.Ct. at 164.

The trial court amended the Uniform Commitment Order (UCO) after it granted the motion for reconsideration. However, the amended UCO maintains that defendant entered an unqualified plea of guilty; thus, it requires no correction.